Argued and submitted July 28, 2008, reversed and remanded for entry of judgment
quieting title in defendant January 14, petition for review denied
June 4, 2009 (346 Or 257)

Carolyn CONNALL,
Personal Representative of the Estate of
Barbara J. Felton,
*Plaintiff-Respondent,*

*v.*

Elon C. FELTON,
*Defendant-Appellant.*

Columbia County Circuit Court
052355; A134751

201 P3d 219

Mark A. Gordon argued the cause and filed the briefs for appellant.

Robert A. Lucas argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff, the personal representative of her mother's estate, brought this action on behalf of the estate seeking to quiet title to the decedent's real property that was her family home (the property), which the decedent transferred to defendant, her step-son, during her lifetime, reserving for herself a life estate. Plaintiff sought the imposition of a constructive trust on the property. She claims that the deed and extrinsic evidence establish that the decedent transferred the property to defendant only for the purpose of avoiding probate, intending that he hold the property in trust and share it equally with her six children. The trial court agreed with plaintiff and ordered defendant to transfer the property to the estate. Defendant appeals and, on *de novo* review, ORS 19.415, we reverse.

The decedent and Clifford Felton were married for 16 years. It was a second marriage for both of them. The decedent had six children from her first marriage, including plaintiff. Clifford had one child from his first marriage, defendant.

After they were married, Clifford and the decedent executed reciprocal wills. Each spouse's will named the other as the primary beneficiary and the decedent's six children and defendant as equal contingent residual beneficiaries. When Clifford died, the decedent, by operation of law, became the sole owner of the property, because the decedent and Clifford had held the property as tenants by the entirety. Shortly before her death, the decedent deeded the property to defendant, reserving for herself a life estate. She prepared the deed herself, borrowing terms from a form provided by a friend. The deed stated that "[t]he true and actual consideration paid for this transfer is $-0-; estate planning." The decedent had the deed notarized at a title insurance company and then recorded the deed.

Plaintiff learned of the deed either shortly before or just after the decedent's death. Noting the deed's reference to "estate planning," and based on conversations that plaintiff had had with the decedent shortly before her death but after the conveyance, plaintiff believed that the deed to defendant was for the purpose of avoiding probate of the property and

that the decedent's intention was that, like the property distributed pursuant to the will, the property or its proceeds would be shared equally by all six of the decedent's children and defendant. Plaintiff does not contend that the deed created an express trust for the estate. Plaintiff brought this proceeding seeking a declaration that the property be held by defendant in constructive trust.

The trial court determined that the term "estate planning" was ambiguous. Based on the decedent's will, which the trial court concluded demonstrated an intention that all property be shared equally among her children and defendant, and testimony from the decedent's children concerning statements she had made to them before her death, the trial court determined that the decedent's intention was that the property be held by defendant until the decedent's death, just for the purpose of avoiding probate, and then be distributed equally among her children and defendant. The court said:

> "It appears to me that [the decedent] was concerned that she wanted to avoid the expense of probate, wanted to make things easy on everyone, and she expected that by putting the property into [defendant's] name that he would then follow the instruction of the will and divide the property equally among her children and himself."

The court found by clear and convincing evidence that there was a resulting trust for the benefit of the estate and the general judgment it entered required defendant to transfer his interest in the real property to the estate.

On appeal, defendant asserts that the trial court erred in imposing a resulting trust on the property and ordering defendant to convey the property to the estate. For the reasons that follow, we conclude, on *de novo* review, that the requirements for the imposition of a resulting trust have not been met. Accordingly, we reverse the trial court's judgment.[1]

---

[1] At oral argument, some questions by the court concerned where in the record certain statements were made. After oral argument, plaintiff submitted a letter showing where in the record the statements were made. Defendant objected to plaintiff's submission. We treat plaintiff's submission as a memorandum of additional authorities. ORAP 5.85(1) provides that, after oral argument, a memorandum of additional authorities may not be submitted unless the court grants leave to file a memorandum. The court did not grant plaintiff leave to file a memorandum

A trust is an equitable obligation, either express or implied, placed on a person by reason of a confidence placed in her or him to hold the property for the benefit of some other person, or for the benefit of herself or himself and others. *See Shipe et al v. Hillman,* 206 Or 556, 562, 292 P2d 123 (1956) (quoting *Templeton v. Bockler,* 73 Or 494, 506, 144 P 405 (1914)). An express trust is created when a grantor or trustor divests herself or himself of full legal and equitable ownership in property with a manifestation of intent to create legal title in a trustee and equitable ownership in a beneficiary. *Brown v. Brown,* 206 Or App 239, 249, 139 P3d 745, *rev den,* 341 Or 449 (2006). An express trust in real property can be created only in writing subscribed to by the party creating the trust and executed with formalities required by law. ORS 93.020(1). Plaintiff does not contend that the decedent created an express trust when she deeded the property to defendant.

Implied trusts fall into two categories: constructive trusts and resulting trusts. *Shipe et al,* 206 Or at 562. A constructive trust is a procedural device imposed to remedy a violation of a confidential or fiduciary relationship in order to avoid unjust enrichment. *Brown,* 206 Or App at 251. Plaintiff's complaint sought the imposition of a constructive trust; the trial court rejected that theory. We also conclude that the evidence in this case does not include circumstances that would justify imposition of a constructive trust. *See Marston v. Myers et ux,* 217 Or 498, 509, 342 P2d 1111 (1959) ("A 'constructive trust' * * * is a trust by operation of law * * * against one who, by fraud, actual or constructive, by duress or abuse of confidence, or by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or other questionable means * * * has obtained or holds that legal right to property which he ought not, in equity and good conscience, hold and enjoy.").

Instead, the trial court determined that the decedent's actions gave rise to a resulting trust. A resulting trust arises when property is transferred under circumstances that give rise to an inference that the person who made the

---

of additional authorities. We have not considered the memorandum. However, because our review is *de novo*, we have fully reviewed the record.

transfer does not intend the transferee to take a beneficial interest in the property. *Shipe et al*, 206 Or at 563-64. It exists "by implications of law" and is presumed always to have been contemplated by the parties, "the intention as to which is to be found in the nature of their transaction, but not expressed in the deed or instrument of conveyance." *Id.* The typical, but not exclusive, context for a resulting trust is the purchase of property by the alleged beneficiary when title is taken by another person. *See Belton v. Buesing*, 240 Or 399, 417, 402 P2d 98 (1965) (Lusk, J., concurring) ("[T]here are three categories of resulting trusts, to-wit: (a) the failure of an express trust; (b) the full performance of an express trust without exhausting the trust estate; and (c) the payment of the purchase price of property by one who directs that title be taken in the name of another."); *De Roboam v. Schmidtlin*, 50 Or 388, 92 P 1082 (1907). In every case, evidence must be clear and convincing to establish that the property was conveyed in trust, contrary to the express terms of the deed. *De Roboam*, 50 Or at 393; *see also Fry v. D. H. Overmyer Co., Inc.*, 269 Or 281, 292, 525 P2d 140 (1974) (A deed absolute on its face "is what it purports to be unless and until proved otherwise by clear and convincing evidence.").

In this case, the trial court believed that the deed itself, along with the decedent's will and subsequent conversations of the decedent with her family, demonstrated circumstances showing that the decedent intended to transfer the property to defendant in trust. The trial court first reasoned that the term "estate planning" gave rise to an ambiguity as to the decedent's intentions. It relied on that ambiguity as a basis for considering testimony of conversations between the decedent and family members after she executed the deed and before her death.

We first address the trial court's determination that there was an ambiguity in the deed. In interpreting the deed, we resort to the familiar methodology established by statutes and case law. Our objective is to ascertain the meaning that most likely was intended by the parties who entered into it. ORS 42.240 ("In the construction of an instrument the intention of the parties is to be pursued if possible[.]"); *see Tipperman v. Tsiatsos*, 327 Or 539, 544-45, 964 P2d 1015 (1998) (construing deed); *Yogman v. Parrott*, 325 Or 358, 361,

937 P2d 1019 (1997) (construing a contract). We look first to the language of the instrument itself and consider its text in the context of the document as a whole. If the text's meaning is unambiguous, the analysis ends, and we interpret the provision's meaning as a matter of law. *Yogman*, 325 Or at 361.

To determine whether a term in a document is ambiguous, the court can consider evidence of the circumstances surrounding its execution. *Abercrombie v. Hayden Corp.*, 320 Or 279, 292, 883 P2d 845 (1994); *Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 129 P3d 773 (2006); ORS 42.220; ORS 41.740.[2] A provision is ambiguous only if it is capable of more than one plausible and reasonable interpretation. *Batzer Construction, Inc.*, 204 Or App at 313. If the court determines that the document's provisions are ambiguous, the court may then examine extrinsic evidence with the goal of resolving the ambiguity. *Tipperman*, 327 Or at 544-45; *Yogman*, 325 Or at 363-64. If an ambiguity nonetheless remains, the court may resolve the contract's meaning by turning to applicable maxims of construction. *Id.* at 364-65. The goal is always to give effect to the parties' intentions. That objective applies to the interpretation of deeds as well as contracts.

Contrary to the trial court's conclusion, in our view, the deed is plain on its face and unambiguous. Despite the reference to "estate planning," the deed conveys an absolute interest to defendant, subject only to the decedent's life estate. There is no mention of a trust. The deed is consistent with the phrase "estate planning" in that, by conveying the

---

[2] ORS 42.220 provides:

"In construing an instrument, the circumstances under which it was made, including the situation of the subject and of the parties, may be shown so that the judge is placed in the position of those whose language the judge is interpreting."

ORS 41.740 provides, in part:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties * * *, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute. However this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as contracts between parties."

property to defendant, the decedent avoided having the property be part of her estate subject to probate. Although we do not think that the term "estate planning" creates any doubt as to the decedent's intention to make an absolute conveyance, evidence of the circumstances surrounding the deed's execution confirm our conclusion: In drafting the deed, the decedent borrowed text from the deed of a friend and appears to have copied the term "estate planning" directly from that document, which also stated that "true and actual consideration paid for this transfer is $-0-; estate planning." That evidence is the only extrinsic evidence that could properly be considered in determining whether the deed is ambiguous, because it is the only evidence of conduct contemporaneous with the preparation and execution of the deed. *Batzer Construction, Inc.*, 204 Or App at 314-15. There is no evidence contemporaneous with the deed's execution suggesting that the decedent used the term "estate planning" to express an intention to convey to defendant less than an absolute residual interest in the property or to convey it in trust. The additional evidence that the trial court considered, which consisted of the will (which predated the deed by many years) and descriptions of conversations that family members had had with the decedent *after* the conveyance of the property, could not properly be considered to establish her intentions at the time of conveyance. *See Shipe et al*, 206 Or at 571 (in absence of fraud, accident or mistake, parol evidence cannot be received to prove that a deed absolute on its face was given in trust for benefit of grantor); *Lytle et al. v. Hulen et al.*, 128 Or 483, 501, 275 P 45 (1929) (statements made after execution of deed out of presence of grantee inadmissible to prove intent when deed executed); *Walker v. Harold*, 44 Or 205, 501, 74 P 705 (1903) (statements made after execution of deed admissible only to prove fraudulent intent between parties to conveyance). Thus, we conclude that the deed itself is not ambiguous and does not suggest an intention to convey the property in trust.

If a resulting trust is to be established contrary to the express terms of a deed absolute on its face, it must be based on definite, clear, and convincing evidence of the circumstances and conditions at the time of conveyance of the property showing an intention to convey the property in trust, and

it cannot be established by subsequent acts of the participants. *Shipe et al*, 206 Or at 570-71; *see also Bowns v. Bowns*, 184 Or 603, 619, 200 P2d 586 (1948). "Clear and convincing evidence means that the truth of the facts asserted is highly probable." *Supove v. Densmoor et ux*, 225 Or 365, 372, 358 P2d 510 (1961). The evidence must be of "extraordinary persuasiveness." *Pantano v. Obbiso*, 283 Or 83, 87, 580 P2d 1026 (1978) (quoting *Hughes v. Helzer*, 182 Or 205, 224, 185 P2d 537 (1947)). On *de novo* review, we have reviewed the evidence of the circumstances at the time the decedent conveyed the property to defendant that might support plaintiff's position, and conclude that that evidence simply does not establish, by clear and convincing evidence, that the decedent intended to convey the property in trust. We hold, therefore, that the trial court erred in imposing a resulting trust on the property.

Reversed and remanded for entry of judgment quieting title in defendant.