IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

RACHEL E. HANNAH,                           )
                                            )
            Plaintiff,                      )   TC-MD 150449N
                                            )
    v.                                      )
                                            )
WASHINGTON COUNTY ASSESSOR                  )
and DEPARTMENT OF REVENUE,                  )
State of Oregon,                            )   **ORDER GRANTING DEFENDANT'S**
                                            )   **MOTION FOR SUMMARY**
            Defendants.                     )   **JUDGMENT IN PART**

Plaintiff filed her Complaint on October 15, 2015, challenging Defendant Department of

Revenue's (the Department) Disqualification Notice (Notice) dated July 27, 2015. The

Department disqualified Plaintiff's property, identified as Account R565016 (subject property),

from the Homestead Property Tax Deferral (Homestead Deferral) program. In its Notice, the

Department stated that the grounds for disqualification were "Sold/Ch[anged] Owner". (Compl

at 2.) In its Answer, the Department stated that: (1) the subject property is owned by an

irrevocable trust and therefore does not meet the eligibility requirements provided in ORS

311.668(1)(c); and (2) the fact that the subject property is now owned by an irrevocable trust

constitutes a change in ownership triggering disqualification of Plaintiff's account under ORS

311.684(2). (Def Department's Answer at 1.) During a case management conference, held on

December 9, 2015, the parties agreed to file written arguments on the issue of whether the

Department properly disqualified the subject property from property tax deferral pursuant to

ORS 311.684(2) and ORS 311.668(1)(c).[1] The Department filed its Motion for Summary

/ / /

_____
[1] The parties also agreed that Defendant Washington County Assessor would not participate in the briefing.

Judgment (Motion) and supporting exhibits on January 8, 2016. Plaintiff's Response was received on January 27, 2016, and filed on February 1, 2016.

A.      *Factual Background*

Plaintiff and her now deceased husband Ray Hannah jointly applied and were approved for Homestead Deferral in 1992. (Mot at 1.) In November 1994, Plaintiff and her husband conveyed the subject property by warranty deed to "Rachel E. Hannah, Ronald L. Belnap and Diane D. Badden, Trustees, or their successors in trust, under the Hannah Family Living Trust * * *." (Mot, Ex A at 1.) In 1996, the Department reviewed the trust document to confirm Homestead Deferral program eligibility and found that the eligibility requirements were met. (Mot at 1.)

At the Department's request, Plaintiff filed a Recertification of Eligibility on March 2, 2015. (Mot at 2, Ex B at 1.) The Department contacted Plaintiff to confirm that Ray Hannah was deceased and to obtain the trust document to confirm that the subject property still met the eligibility requirements for Homestead Deferral. (Mot at 2.) Plaintiff stated that her husband had died in 1999 and provided a copy of the trust document. (*Id*.) The Department provided the court with a portion of the trust document that states as follows:

> "We shall have the absolute right to amend or revoke our trust, in whole or in part, at any time. Any amendment or revocation must be in writing, signed by both of us, and delivered to our Trustee.
>
> This right to amend or revoke is personal to us and may not be exercised by a legal representative of either of us. *After the death of one of us, this agreement shall not be subject to amendment or revocation*."

(Mot, Ex C at 2.)

/ / /

/ / /

Plaintiff states that no change of ownership has occurred. (Response at 1.) Plaintiff stated in her Recertification of Eligibility that she has continuously owned and lived at the subject property for 25 years. (Mot, Ex B.)

B.      *Issues and Burden of Proof*

There are two issues before the court: (1) whether the subject property meets the eligibility requirements to receive property tax deferral under ORS 311.668(1)(c); and (2) whether a change of ownership has occurred requiring payment of deferred tax and interest under ORS 311.684(2).[2]

Summary judgment is proper where, construing the facts in the light most favorable to the adverse party, "there is no genuine issue as to any material fact" such that "the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47 C. However, as the party seeking relief, Plaintiff bears the ultimate burden of proof and must establish her case by a "preponderance" of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971).

C.      *Whether Plaintiff Meets the Qualifications for Homestead Deferral*

The Department argues that Plaintiff no longer qualifies for Homestead Deferral under ORS 311.668(1)(c). ORS 311.668(1)(c) states that,

> "If a trustee of an inter vivos trust that was created by and is revocable by an individual, who is both the trustor and a beneficiary of the trust and who is otherwise eligible to claim deferral of taxes under this section, owns the fee simple estate under a recorded instrument of sale, the trustee may act for the individual in complying with the provisions of ORS 311.666 to 311.701."

/ / /

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2013 edition.

The Department argues that the trust became irrevocable after the death of Ray Hannah in 1999, and therefore, the subject property no longer qualifies for Homestead Deferral. (Mot at 2.)

Oregon adopted the Uniform Trust Code (OUTC) in 2005. *See* Or Laws 2005, ch 348. Those sections are codified in ORS 130.001 to 130.910. ORS 130.505(1) (relating to the revocability of trusts) does not apply to trusts created before January 1, 2006. *See* Or Laws 2005, ch 348, § 47, *compiled as note after* ORS 130.505. Plaintiff's trust was created before 2005, thus the common law of trusts applies. *See Hope Presbyterian Church of Rogue River v. Presbyterian Church*, 352 Or 668, 694, 291 P3d 711 (2012). Under the common law of trusts, a trust "is irrevocable unless the settlor reserves the power of revocation * * *." *Stipe v. First Nat. Bank of Portland*, 208 Or 251, 268, 301 P 2d 175 (1956); *see also* George Bogert, et al., *The Law of Trusts and Trustees,* §992 (3d ed 2006) ("At common law, the settlor had no power to modify the trust * * * if the settlor did not expressly reserve such power in the instrument."). "In determining the intent of the settlor, the court looks at the language used in the document, giving the language its ordinary meaning." *In re Roman Catholic Archbishop,* 345 BR 686, 697 (Bankr D Or 2006) (citing ORS 42.250.)

The text of the trust document states that the trust would be revocable during the lifetime of both settlors, but after the death of the first settlor, the trust became irrevocable. Therefore, the court finds that when Ray Hannah died in 1999, the trust became irrevocable. The text of ORS 311.668(1)(c) is clear and unambiguous: the trust must be revocable for the subject property to be eligible for deferral. Accordingly, the court finds that Plaintiff does not meet the eligibility requirements of ORS 311.668(1)(c) because the subject property is not owned by "a trustee of an inter vivos trust that was created by and is *revocable* by an individual * * * who is

/ / /

otherwise eligible to claim deferral of taxes * * *." ORS 311.668(1)(c) (emphasis added). Thus, the Department properly "inactivated" Plaintiff's account.

D.      *Whether ORS 311.684(2) Applies*

The second issue before the court is whether the repayment provisions of ORS 311.684 were triggered when the trust became irrevocable. ORS 311.684 provides in relevant part:

> "All deferred property taxes, including accrued interest, become payable * * * when:
>
> "* * * * *
>
> "(2) * * * the property with respect to which deferral of taxes is claimed is sold, or a contract to sell is entered into, *or some person other than the taxpayer who claimed the deferral, including a transferee, becomes the owner of the property*."

(Emphasis added.)

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor Industries*, 317 Or 606, 610, 859 P 2d 1143 (1993). The legislative intent is determined first from the text and context of the statute. *PGE*, 317 Or at 611; *State v. Gaines,* 346 Or 160, 171, 206 P 3d 1042 (2009). "[W]ords of common usage typically should be given their plain, natural, and ordinary meaning." *PGE*, 317 Or at 611. The court is mindful of the "statutory enjoinder not to insert what has been omitted, or to omit what has been inserted." *Id*. The court may consider legislative history where it "appears useful to the court analysis." *Gaines*, 346 Or at 172.

1.      *Disqualification v. Inactivation*

OAR 150-311.684 makes clear the distinction between "disqualification" under ORS 311.684 and "inactivation":

> " 'Inactivated' means the department has determined that the applicant or property has become ineligible for deferral of future property taxes due to failure to meet eligibility requirements. If an account is inactivated, the department will

send the applicant a notice of inactivation and not pay current or future year taxes to the county on behalf of the applicant."

OAR 150-311.684(4). By contrast, disqualification results when one of the triggering events in ORS 311.684 occurs—*e.g.* the applicant dies, the property is sold or transferred, or the property is no longer the homestead of the applicant. OAR 150-311.684(2). Disqualification causes the deferred taxes, fees, and interest to become due by August 15 of the following year. ORS 311.686(1)(b); OAR 150-311.684(2).

The legislative history of ORS 311.684 underscores that distinction. During a House Revenue Committee hearing, John Phillips (Phillips) from Department of Revenue testified that the usual procedure for collecting deferred taxes is that a lien for the amount of deferred taxes and estimated interest is placed on the property for each year that the deferral is claimed. Phillips testified that the lien is usually paid when the property is sold to a bona fide purchaser for value and stated that the payor is usually the title company who paid off the lienholders to clear title prior to closing. Audio, Revenue Committee, HB 2543, May 4, 2011, 3:35 (statement of John Phillips, Department of Revenue). At no point did the committee discuss the idea that a trust becoming irrevocable would be considered a sale or transfer of ownership triggering the provisions of ORS 311.684(2). When discussing ORS 311.684, the committee clearly expressed their intent that if a taxpayer or property becomes ineligible the account becomes inactive and the taxpayer must pay the taxes due for the years that they are ineligible; however, taxpayers are not required to pay all the deferred taxes due until the home is sold or the taxpayer dies. Audio, Revenue Committee, HB 2543, May 5, 2011, 21:15, http://oregon.granicus.com/MediaPlayer.php?clip_id=3323.

Based on the legislative history, the court concludes that the legislature did not intend the loss of eligibility for deferral to result in disqualification. The legislature's guiding principle was

to keep senior and disabled taxpayers in their long-term homes and only to demand payment of deferred property taxes when the property was sold or transferred. The Department has provided no evidence of a sale. The sole basis for disqualification appears to be based on Plaintiff's ineligibility for deferral under ORS 311.668(1)(c).

2. *Disqualification under ORS 311.684(2)*

The question becomes whether the change in trust status from revocable to irrevocable resulted in a person other than Plaintiff becoming "the owner of the property" under ORS 311.684(2). Plaintiff stated that "no ownership or other changes that affect ownership have taken place." (Response at 1.) The Department stated that two changes in ownership have occurred: the first in 1994 when taxpayers transferred the subject property to "Rachel E. Hannah, Ronald L. Belnap and Diane D. Badden Trustees" of the trust, and the second in 1999 when Ray Hannah died and the trust became irrevocable. (Mot at 2.) The Department previously reviewed the 1994 transfer and determined that Plaintiff was eligible to receive the deferral. (*Id.* at 1.) The Department did not discuss how the change in the status of the trust was a transfer of ownership or otherwise provide any additional legal support for its position.

ORS 311.666 does not define what it means to be "the owner of the property." ORS 311.670(1)(b) states that property is not eligible for deferral unless "[t]he individual claiming the deferral * * * owns the fee simple estate * * * under a recorded instrument of sale * * *." By comparison, ORS 311.684(2) provides that a property is disqualified when some person other than the taxpayer who claimed the deferral, "becomes the owner of the property." It is unclear whether "owner" for disqualification purposes has the same definition as "owner" for eligibility purposes, given that the reference to "fee simple" ownership was included only in the eligibility statute. *Webster's* defines ownership as "the state, relation, or fact of being an owner: lawful

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT IN PART  TC-MD 150449N                                    7

claim or title." *Webster's Third New Int'l Dictionary* 1612 (unabridged ed 2002).

Plaintiff appears on the legal title to the property as a trustee under the 1994 warranty deed. The Department reviewed that transfer and determined that the eligibility requirements were met. The issue is how the change in trust status from revocable to irrevocable could have resulted in a "change in ownership" where there is no change to the legal title.

A trust is an equitable obligation where the trustee holds legal title to property and the beneficiary holds the equitable ownership of the property. *Connall v. Felton*, 225 Or App 266, 270 (2009). The OUTC and case law support the idea that a settlor's ownership rights are constricted when a trust is irrevocable. *See* ORS 130.315(1)(b) (providing that a "creditor or assignee of the settlor of an irrevocable trust may reach the maximum amount that can be distributed to or for the settlor's benefit"); ORS 130.200(1) (providing that an irrevocable trust may be modified or terminated only by consent of the settlor and all beneficiaries.); *see also Hope Presbyterian Church,* 352 Or at 695 (holding that a settlor cannot unilaterally revoke an irrevocable trust except with court approval " 'upon consent of the settlor and all beneficiaries.' ") (quoting ORS 130.200(1)). By contrast, the settlor of a revocable trust is usually considered the owner of the trust assets. *See* ORS 130.315(1)(a) ("During the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors"); *Johnson v. Commercial Bank*, 284 Or 675, 680–82 (1978) (holding that a settlor who retained a life estate in trust and right to revoke would be treated as an owner); *see generally Tseng v. Tseng*, 271 Or App 657, 659–61 (2015) (discussing the differences between a beneficiary's rights under a revocable trust and an irrevocable trust.)

Plaintiff is a settlor of the trust. She is also listed on the warranty deed as a trustee of the trust. By the terms of the trust, during Ray Hannah's lifetime the trust was revocable by

Plaintiff. The court finds that during that time, as the settlor of a revocable trust, Plaintiff was an "owner" of the trust assets, including the subject property. However, in 1999, upon the death of Ray Hannah the trust became irrevocable, and Plaintiff's control over trust property, as settlor, became considerably more limited. As provided by ORS 130.200(1), in order to modify or terminate the trust Plaintiff must now obtain the consent of all beneficiaries. Moreover, Plaintiff's creditors may only be able to reach trust assets to the extent that Plaintiff is entitled to those assets as a beneficiary of the trust. *See* ORS 130.315(1)(b). The court is doubtful that Plaintiff would continue to be an "owner" of the trust property under ORS 311.684(2) if she is no longer a beneficiary of the trust. The court received no evidence of who the beneficiaries of the trust are.

Plaintiff has resided in the subject property for 25 years. The 1994 warranty deed shows that Plaintiff holds legal title to the subject property. She also resides at the property, a fact that is often incident to ownership. However, the court cannot determine, based on the four pages of the trust document provided, whether Plaintiff is a beneficiary of the trust—*i.e.* an equitable owner. Without that information the court cannot make a determination regarding whether a change of ownership has occurred under ORS 311.684(2).

E.    *Conclusion*

After careful consideration of the evidence and arguments provided by the parties, the court grants the Department Motion for Summary Judgment in part and finds that Plaintiff is not eligible for Homestead Property Tax Deferral under ORS 311.668(1)(c). The Department properly inactivated Plaintiff's account for the 2015-16 tax year. The court also finds that without more information regarding the beneficiaries of the trust, the court cannot determine whether the Department improperly disqualified the subject property under ORS 311.684(2).

Within 14 days of the date of this Order, Plaintiff must submit to the court, and the Department, the entirety of the trust document. The parties shall, within 30 days of the date of this Order, submit written arguments regarding whether the change in trust status from revocable to irrevocable resulted in a change of ownership under ORS 311.684(2). Now, therefore,

IT IS ORDERED that the Department's Motion for Summary Judgment is granted, in part. Plaintiff is not eligible for Homestead Property Tax Deferral under ORS 311.668(1)(c). The Department properly inactivated Plaintiff's account for the 2015-16 tax year.

IT IS FURTHER ORDERED that, within 14 days of the date of this Order, Plaintiff must submit to the court, and the Department, the entirety of the trust document. The parties shall, within 30 days of the date of this Order, submit written arguments regarding whether the change in trust status resulted in a change of ownership under ORS 311.684(2).

Dated this ____ day of May 2016.

ALLISON R. BOOMER
MAGISTRATE

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This document was filed on May 25, 2016.*